# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8855 | **DATE** | January 3, 2012 |
| **CASE TITLE** | LeRoy Burton (#K-62517) v. Will County Adult Detention Facility, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff's motion for appointment of counsel [#5] is denied as moot. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**                                                           **Docketing to mail notices.**

## STATEMENT

     Plaintiff, LeRoy Burton, presently in state custody at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that money was stolen from his inmate trust fund account while he was incarcerated at the Will County Adult Detention Facility (hereinafter, "WCADF"). Defendants are correctional and administrative personnel at the WCADF. He further alleges that on September 16, 2011, he filed suit in Will County, but that Pamela McGuire, the Will County Circuit Clerk has failed to assign a judge to his case, or give him a court date.

     The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $27.02 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

     However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

To the extent that Plaintiff's claims are about the handling of his grievances. A prison's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause. With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Consequently, Plaintiff fails to state a due process claim regarding the investigation of his grievances about the money allegedly taken from his account.

With respect to the money that Plaintiff alleges was stolen from his trust fund account, Plaintiff also fails to state a cause of action. The loss of property, *per se* does not constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment if the government provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois law provides actions for replevin and conversion that are sufficient to redress Plaintiff's claims in regard to the loss of his property. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate post-deprivation remedy); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate post-deprivation remedy). Consequently, Plaintiff can state no constitutional claim for deprivation of property.

Plaintiff has pled that he has in fact begun pursuing his rights with respect to the alleged theft of his money in state court. (See Plaintiff's complaint). One of the allegations made in Plaintiff's complaint is that Pamela McGuire, the Circuit Clerk of Will County, while accepting his complaint as filed, is refusing to assign his case to a judge or give him a court date to pursue his claims. Without addressing the issue of whether either of those two tasks are Defendant McGuire's responsibility, or whether her failure to do them constitutes a constitutional violation, the Court has reviewed the docket in *Burton v. WCDAF*, 11 CH 4450, Plaintiff's chancery action filed in Will County. The Court may take judicial notice of facts that are a matter of public record and therefore not subject to dispute. *See General Electric Capital Corp. v Lease Resolution Corp.,* 128 F.3d 1074 at 1080 (7th Cir. 1997). According to the docket in Plaintiff's state court action, (see docket attached) Plaintiff's case has been assigned a judge, has been set for status, and alias summonses have been issued. Accordingly, as the state has provided an adequate remedy for Plaintiff with respect to the money he alleges was stolen from his trust account, and the Plaintiff is pursuing that action in state court, Plaintiff fails to state a cause of action in federal court. Accordingly, this action is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).